# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

AZURITY PHARMACEUTICALS, INC.,     )
ARBOR PHARMACEUTICALS, LLC, and    )
TAKEDA PHARMACEUTICAL             )
COMPANY LIMITED,                   )
                                   )
            Plaintiffs,    )  C.A. No. _____
                                   )
            v.             )
                                   )
ALKEM LABORATORIES LTD.,           )
                                   )
                                   )
            Defendant.     )

## COMPLAINT

Plaintiffs Azurity Pharmaceuticals, Inc., Arbor Pharmaceuticals, LLC (together with Azurity Pharmaceuticals, Inc., "Azurity"), and Takeda Pharmaceutical Company Limited ("Takeda") (collectively, "Plaintiffs"), for their Complaint against Defendant Alkem Laboratories Ltd. ("Alkem" or "Defendant"), hereby allege as follows:

## THE PARTIES

1. Azurity Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8 Cabot Road, Suite 2000, Woburn, MA 01801.

2. Arbor Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 6 Concourse Parkway, Suite 1800, Atlanta, GA 30328.

3. Takeda is a corporation organized and existing under the laws of Japan, having a principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan.

ME1 41463643v.1

4.      Upon information and belief, Alkem is a corporation organized and existing under the laws of India, having a principal place of business at Alkem House, Senapati Bapat Road, Lower Parel, Mumbai, Maharashtra 400013, India.

5.      Upon information and belief, Alkem plans to develop, manufacture, market, sell, distribute, and/or import generic pharmaceutical versions of branded products throughout the United States, including in this Judicial District.

## NATURE OF THE ACTION

6.      This is a civil action for infringement of United States Patent Nos. 7,157,584 ("the '584 patent"), 7,572,920 ("the '920 patent"), 9,066,936 ("the '936 patent"), 9,169,238 ("the '238 patent"), and 9,387,249 ("the '249 patent") (collectively "the patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq.

## JURISDICTION & VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendant at least because Defendant intends to market, sell, and/or distribute generic pharmaceutical drug products within this State and to residents of this State, including the generic drug product that is the subject of Abbreviated New Drug Application ("ANDA") No. 217490.  The marketing, sale, and/or distribution of the generic drug product that is the subject of ANDA No. 217490 will lead to foreseeable harm and injury to Plaintiffs in this State.  This Court has personal jurisdiction over Defendant for the additional reasons set forth below and for other reasons that will be presented to the Court if jurisdiction is challenged.

9.      This Court also has personal jurisdiction over Defendant by virtue of, *inter alia*, the fact that it has committed, aided, abetted, contributed to, and/or participated in the commission of

-2-

a tortious act of patent infringement that has led to and/or will lead to foreseeable harm and injury to Plaintiffs, including Azurity Pharmaceuticals, Inc. and Arbor Pharmaceuticals, LLC, both Delaware corporations.

10.     This Court also has personal jurisdiction over Alkem because it has been previously sued in this Judicial District and has not challenged personal jurisdiction, and it has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in Delaware in previous suits without challenging personal jurisdiction. *See, e.g.*, *Azurity Pharms., Inc. v. Alkem Labs. Ltd.*, C.A. No. 20-1094-MSG, D.I. 63 (D. Del. Jun. 28, 2021); *Allergan USA, Inc. v. Alkem Labs. Ltd.*, C.A. No. 21-1061-RGA, D.I. 14 (D. Del. Sept. 13, 2021); *Otsuka Pharm. Co., Ltd. v. Alkem Labs. Ltd.*, C.A. No. 20-1286-LPS, D.I. 8 (D. Del. Dec. 29, 2020); *Bial-Portela & CA S.A. v. Alkem Labs Ltd.*, C.A. No. 21-186-CFC, D.I. 6 (D. Del. Mar. 3. 2021); *Novartis Pharms. Corp. v. Alkem Labs. Ltd.*, C.A. No. 21-1330-LPS, D.I. 20 (D. Del. Oct. 22, 2021); *Anacor Pharms., Inc. v. Alkem Labs. Ltd.*, C.A. No. 21-01348-CFC, D.I. 13 (D. Del. Nov. 17, 2021).

11.     Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Alkem in this action, this Court may exercise jurisdiction over Alkem pursuant to Fed. R. Civ. P. 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Alkem is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Alkem has sufficient contacts with the United States as a whole, including, but not limited to, submitting ANDA No. 217490 to the FDA with the intent to develop, manufacture, market, sell, distribute, and/or import the generic drug product that is the subject of ANDA No. 217490 throughout the United States, such that this Court's exercise of jurisdiction over Alkem satisfies due process.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

ME1 41463643v.1

**THE PATENTS-IN-SUIT**

13.    On January 2, 2007, the '584 patent, entitled "Benzimidazole derivative and use thereof" was duly and legally issued.  A copy of the '584 patent is attached as Exhibit A.

14.    Takeda owns the '584 patent.  Azurity holds an exclusive license to the '584 patent in the United States.

15.    On August 11, 2009, the '920 patent, entitled "Benzimidazole derivative and use as A II receptor antagonist" was duly and legally issued.  A copy of the '920 patent is attached as Exhibit B.

16.    Takeda owns the '920 patent.  Azurity holds an exclusive license to the '920 patent in the United States.

17.    On June 30, 2015, the '936 patent, entitled "Solid pharmaceutical composition comprising a benzimidazole-7-carboxylate derivative and a pH control agent" was duly and legally issued.  A copy of the '936 patent is attached as Exhibit C.

18.    Takeda owns the '936 patent.  Azurity holds an exclusive license to the '936 patent in the United States.

19.    On October 27, 2015, the '238 patent, entitled "Solid pharmaceutical composition" was duly and legally issued.  A copy of the '238 patent is attached as Exhibit D.

20.    Takeda owns the '238 patent.  Azurity holds an exclusive license to the '238 patent in the United States.

21.    On July 12, 2016, the '249 patent, entitled "Methods of treating hypertension with at least one angiotensin II receptor blocker and chlorthalidone" was duly and legally issued.  A copy of the '249 patent is attached as Exhibit E.

22.    Takeda owns the '249 patent.  Azurity holds an exclusive license to the '249 patent in the United States.

ME1 41463643v.1

## ACTS GIVING RISE TO THIS ACTION

23. Azurity holds New Drug Application ("NDA") No. 202331 for oral tablets containing 40 mg azilsartan medoxomil and 25 mg chlorthalidone, and 40 mg azilsartan medoxomil and 12.5 mg chlorthalidone, as the active ingredients. Azurity markets and sells these oral tablets in the United States under the brand name EDARBYCLOR®.

24. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering EDARBYCLOR® or its use.

25. Upon information and belief, Alkem submitted ANDA No. 217490 to the FDA under 21 U.S.C. § 355(j). Upon information and belief, Alkem's ANDA No. 217490 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of an oral tablet containing 40 mg azilsartan medoxomil and 12.5 mg chlorthalidone, and 40 mg azilsartan medoxomil and 25 mg chlorthalidone ("the Alkem Generic Product") prior to the expiration of the patents-in-suit.

26. Upon information and belief, by filing ANDA No. 217490, Alkem has certified to the FDA that the Alkem Generic Product has the same active ingredients as EDARBYCLOR® and the same or substantially the same proposed labeling as EDARBYCLOR®.

27. Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Alkem certified in ANDA No. 217490 that the claims of the patents-in-suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Alkem Generic Product.

28. Plaintiffs received written notification of Alkem ANDA No. 217490 and its accompanying § 505(j)(2)(A)(vii)(IV) certifications by FedEx®, dated May 31, 2022 and June 17, 2022 ("Alkem's Notice Letters").

29.     To date, Alkem has not provided Plaintiffs with a copy of any portions of ANDA No. 217490 or any information regarding the Alkem Generic Product, beyond the information set forth in Alkem's Notice Letters.

30.     The limited information relating to the Alkem Generic Product that was provided in Alkem's Notice Letters does not demonstrate that the Alkem Generic Product, which Alkem has asked the FDA to approve for sale in the U.S., will not fall within the scope of issued claims of the patents-in-suit.

31.     This action was commenced within 45 days of Plaintiffs receiving the first of Alkem's Notice Letters.

## COUNT I
## INFRINGEMENT BY ALKEM OF U.S. PATENT NO. 7,157,584

32.     Plaintiffs re-allege paragraphs 1-31 as if fully set forth herein.

33.     Alkem's submission of ANDA No. 217490 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '584 patent under 35 U.S.C. § 271(e)(2)(A).

34.     Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of the Alkem Generic Product—if approved by the FDA, prior to the expiration of the '584 patent, and for use in accordance with its proposed labeling—would infringe and/or induce and/or contribute to the infringement of the '584 patent.

35.     Separate and apart from certain contentions regarding patent validity, Alkem's Notice Letters do not identify any factual bases for, or any opinion of, noninfringement of the claims of the '584 patent.

36.     Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Alkem's ANDA No. 217490 be a date that

ME1 41463643v.1

is not earlier than the expiration of the '584 patent, or any later expiration of exclusivity for the '584 patent to which Plaintiffs are or become entitled.

37.     Plaintiffs will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

38.     Upon information and belief, Defendant was aware of the existence of the '584 patent and was aware that the filing of ANDA No. 217490 and the certification with respect to the '584 patent constituted an act of infringement of that patent.

**COUNT II**
**INFRINGEMENT BY ALKEM OF U.S. PATENT NO. 7,572,920**

39.     Plaintiffs re-allege paragraphs 1-38 as if fully set forth herein.

40.     Alkem's submission of ANDA No. 217490 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '920 patent under 35 U.S.C. § 271(e)(2)(A).

41.     Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of the Alkem Generic Product—if approved by the FDA, prior to the expiration of the '920 patent, and for use in accordance with its proposed labeling—would infringe and/or induce and/or contribute to the infringement of the '920 patent.

42.     Separate and apart from certain contentions regarding patent validity, Alkem's Notice Letters do not identify any factual bases for, or any opinion of, noninfringement of claims 2-4, 7, 8, and 10-12 of the '920 patent.

43.     Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Alkem's ANDA No. 217490 be a date that is not earlier than the expiration of the '920 patent, or any later expiration of exclusivity for the '920 patent to which Plaintiffs are or become entitled.

-7-

44.     Plaintiffs will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

45.     Upon information and belief, Defendant was aware of the existence of the '920 patent and was aware that the filing of ANDA No. 217490 and the certification with respect to the '920 patent constituted an act of infringement of that patent.

## COUNT III
## INFRINGEMENT BY ALKEM OF U.S. PATENT NO. 9,066,936

46.     Plaintiffs re-allege paragraphs 1-45 as if fully set forth herein.

47.     Alkem's submission of ANDA No. 217490 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '936 patent under 35 U.S.C. § 271(e)(2)(A).

48.     Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of the Alkem Generic Product—if approved by the FDA, prior to the expiration of the '936 patent, and for use in accordance with its proposed labeling—would infringe and/or induce and/or contribute to the infringement of the '936 patent.

49.     Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Alkem's ANDA No. 217490 be a date that is not earlier than the expiration of the '936 patent, or any later expiration of exclusivity for the '936 patent to which Plaintiffs are or become entitled.

50.     Plaintiffs will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

51.     Upon information and belief, Defendant was aware of the existence of the '936 patent and was aware that the filing of ANDA No. 217490 and the certification with respect to the '936 patent constituted an act of infringement of that patent.

-8-

## COUNT IV
## INFRINGEMENT BY ALKEM OF U.S. PATENT NO. 9,169,238

52.    Plaintiffs re-allege paragraphs 1-51 as if fully set forth herein.

53.    Alkem's submission of ANDA No. 217490 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '238 patent under 35 U.S.C. § 271(e)(2)(A).

54.    Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of the Alkem Generic Product—if approved by the FDA, prior to the expiration of the '238 patent, and for use in accordance with its proposed labeling—would infringe and/or induce and/or contribute to the infringement of the '238 patent.

55.    Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Alkem's ANDA No. 217490 be a date that is not earlier than the expiration of the '238 patent, or any later expiration of exclusivity for the '238 patent to which Plaintiffs are or become entitled.

56.    Plaintiffs will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

57.    Upon information and belief, Defendant was aware of the existence of the '238 patent and was aware that the filing of ANDA No. 217490 and the certification with respect to the '238 patent constituted an act of infringement of that patent.

## COUNT V
## INFRINGEMENT BY ALKEM OF U.S. PATENT NO. 9,387,249

58.    Plaintiffs re-allege paragraphs 1-57 as if fully set forth herein.

59.    Alkem's submission of ANDA No. 217490 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '249 patent under 35 U.S.C. § 271(e)(2)(A).

ME1 41463643v.1

60.     Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of the Alkem Generic Product—if approved by the FDA, prior to the expiration of the '249 patent, and for use in accordance with its proposed labeling—would infringe and/or induce and/or contribute to the infringement of the '249 patent.

61.     Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Alkem's ANDA No. 217490 be a date that is not earlier than the expiration of the '249 patent, or any later expiration of exclusivity for the '249 patent to which Plaintiffs are or become entitled.

62.     Plaintiffs will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

63.     Upon information and belief, Defendant was aware of the existence of the '249 patent and was aware that the filing of ANDA No. 217490 and the certification with respect to the '249 patent constituted an act of infringement of that patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment that:

A.     Alkem has infringed one or more claims of the '584 patent;

B.     Alkem has infringed one or more claims of the '920 patent;

C.     Alkem has infringed one or more claims of the '936 patent;

D.     Alkem has infringed one or more claims of the '238 patent;

E.     Alkem has infringed one or more claims of the '249 patent;

F.     Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of Alkem's ANDA No. 217490 will not be earlier than the expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Plaintiffs are or become entitled;

ME1 41463643v.1

G.    Alkem, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing the Alkem Generic Product and any other product that infringes or induces or contributes to the infringement of one or more of the patents-in-suit, prior to the expiration of the patents-in-suit, including any exclusivities or extensions to which Plaintiffs are or become entitled;

H.    Plaintiffs be awarded monetary relief to the extent Alkem commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the patents-in-suit within the United States prior to the expiration of the patents-in-suit, including any later expiration of any patent term extensions or exclusivities for the patents-in-suit to which Plaintiffs are or will become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest;

I.    Plaintiffs be awarded the attorneys' fees, costs, and expenses that they incur in litigating this action; and

J.    Plaintiffs be awarded such other and further relief as this Court deems just and proper.

-11-

ME1 41463643v.1

-12-

Dated:  July 15, 2022

OF COUNSEL:

Bruce M. Wexler
Chad J. Peterman
Christopher P. Hill
Michael F. Werno
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
brucewexler@paulhastings.com
chadpeterman@paulhastings.com
christopherhill@paulhastings.com
michaelwerno@paulhastings.com

*Attorneys for Plaintiffs Azurity
Pharmaceuticals, Inc. and Arbor
Pharmaceuticals, LLC*

William F. Cavanaugh, Jr.
Zhiqiang Liu
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
wfcavanaugh@pbwt.com
zliu@pbwt.com

*Attorneys for Plaintiff Takeda
Pharmaceutical Company Limited*

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Azurity
Pharmaceuticals, Inc., Arbor
Pharmaceuticals, LLC, and Takeda
Pharmaceutical Company Limited*

ME1 41463643v.1